(109 So. 775)

No. 27395.

## FERTEL v. WEINBERG.

(June 28, 1926.    Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Divorce ⊜⇒27(18).**

Wife *held* entitled to separation from bed and board, under Civ. Code, art. 138, subd. 3, where husband cursed, struck, and kicked her.

**2. Divorce ⊜⇒240(5).**

Alimony of $40 per month, *held* not excessive, where husband, who was paying $5 per week for support of child under order of another court, managed store for $80 per month and one-half of profits.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by Mrs. Annie Fertel, wife of Cyril B. Weinberg, against Cyril B. Weinberg. Judgment for plaintiff, and defendant appeals. Affirmed.

Feitel & Feitel, N. H. Polmer, and Robert Ewing, Jr., all of New Orleans, for appellant.

John B. Fisher, of New Orleans, for appellee.

OVERTON, J. This is a suit for separation from bed and board brought by the wife against the husband. The cause of action is based upon that part of paragraph 3 of article 138 of the Civil Code that grants a separation from bed and board on account of cruel treatment and outrages of one of the spouses against the other of such a nature as to render their living together insupportable. In setting forth the outrages and cruel treatment complained of, plaintiff alleges that her husband has frequently cursed, abused, and struck her, and that he did so especially on or about January 25, 1925, February 1, 1925, February 15, 1925, and on other dates. It is alleged that the separation took place on February 15, 1925.

[1] The evidence is conflicting. We think, however, that the preponderance of it is with plaintiff, and establishes that on January 25, 1925, defendant cursed his wife, struck and kicked her, and on the afternoon of the same day, when she went to his place of business to ask him for an explanation, and to treat her properly, he again laid his hands in anger upon her, and that on February 1, 1925, he again cursed and struck her, and did likewise on February 15, 1925, on which date plaintiff and defendant separated.

So finding the facts, we think it clear that plaintiff is entitled to the separation for which she prays. Headen v. Headen, 15 La. 61; Armant v. Armant, 4 La. Ann. 137.

[2] Defendant complains of the amount of alimony allowed plaintiff. The trial judge al-

lowed her $40 a month. In addition to this, the juvenile court is requiring defendant to pay $5 a week for the support of his child, the issue of his marriage with plaintiff. Defendant contends that he is managing a store for his mother for $80 a month and one-half of the profits. It does not appear what the profits, if any, are. The trial judge evidently considered that defendant's income from all sources amounted to considerably more a month than $80. In this we think that the trial court is correct, and, so thinking, we see no reason to disturb the judgment.

For the reasons assigned, the judgment appealed from is affirmed.